UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUEL GUILLORY,<br><br>Petitioner,<br><br>v.<br><br>SAN MATEO COUNTY,<br><br>Respondent. | Case No. 25-cv-00873-JST<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

### I.      Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### II.     Petition

In the petition, Petitioner states that he is on supervised release pursuant to either a conviction or nolo contendere plea in San Mateo County Superior Court criminal Case No. 22NFO12899 for "failure to register." On April 21, 2023, Petitioner was convicted and sentenced to a sentence of 16 months. Petitioner states that he is bringing two claims: ineffective assistance

of counsel and unlawful confinement. Petitioner states that he did not seek review in the California Supreme Court. *See generally* ECF No. 1.

### III. Dismissal for Failure to Exhaust State Court Remedies

The Court DISMISSES this action for failure to exhaust state court remedies. Before a petitioner may bring a Section 2254 petition to challenge either the fact or length of his or her confinement, the petitioner must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A district court may not grant the writ unless state court remedies are exhausted, or there is "an absence of available state corrective process," or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B). Petitioner states in his petition that he did not seek review in the California Supreme Court, which means that he failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). The Court therefore DISMISSES this petition for failure to exhaust state court remedies. The dismissal is without prejudice to refiling once state court remedies are exhausted.

### IV. Denying Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of

1  appealability will be denied.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's request to proceed *in forma pauperis*, ECF No. 6; DISMISSES the petition for a writ of habeas corpus; and DENIES a certificate of appealability. Judgment shall be entered in favor of Respondent and against Petitioner. The Clerk is directed to close the case.

This order terminates ECF No. 6.

**IT IS SO ORDERED.**

Dated: July 8, 2025

_____
JON S. TIGAR
United States District Judge